UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| RANDY J. LANE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 15-101-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SANDRA BUTLER, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner Randy J. Lane is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky.  Proceeding without an attorney, Lane has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the application of the career offender enhancement to his 1992 conviction in light of the Supreme Court's request for briefing in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 939 (2015).  In *Johnson*, the parties briefed the issue of "[w]hether the residual clause in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(B)(ii), is unconstitutionally vague."[1]  [Record No. 1]

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The relief sought should be denied "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

---

[1]    Lane named the "Warden of FCI-Manchester" as the Respondent in this proceeding.  The warden where the Petitioner is confined, Warden Sandra Butler, is the proper Respondent.  28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Accordingly, the Court will substitute Warden Butler as the Respondent under Rule 25(d) of the Federal Rules of Civil Procedure.

Because Lane is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, at this stage of the proceedings, the Court accepts Lane's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555−56 (2007).

## I.

On January 29, 1992, a federal grand jury in Benton, Illinois, indicted Lane and several others for their roles in an ongoing conspiracy to transport large quantities of marijuana from Texas to southern Illinois. [Record No. 1-1, p. 10] Following a jury trial, Lane was found guilty on May 27, 1992, of a single count of possession with intent to distribute 100 or more kilograms of marijuana in violation of 21 U.S.C. § 846. [*Id.*, p. 11] During the sentencing hearing, the trial court concluded that Lane qualified for the career offender enhancement found under Section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). The trial court held that Lane's 1975 Illinois conviction for delivery of PCP qualified as a prior felony conviction for a "controlled substance offense" as defined in § 4B1.2(b), and that his 1978 Illinois conviction for aggravated battery qualified as a prior felony conviction for a "crime of violence" as defined in § 4B1.2(a). [*Id.*] Accordingly, Lane was sentenced to a mandatory minimum 360-month sentence on July 27, 1992. *United States v. Lane*, No. 4:92-CR-40005-DRH-3 (S.D. Ill. 1992).

On direct appeal, Lane challenged the validity of a search of his home that resulted in the seizure of sixteen pounds of marijuana. He also challenged the voluntariness of the statements he made to police. However, the Seventh Circuit affirmed the district court's judgment in all respects. *United States v. Betts*, 16 F. 3d 748 (7th Cir. 1994). On April 21, 1997, Lane filed a motion to alter or vacate the judgment under 28 U.S.C. § 2255, which the

trial court denied on February 9, 1998. *Lane v. United States*, No. 97-CV-4115-JPG (S.D. Ill. 1997).

In his current petition, Lane contends that the residual clause of U.S.S.G. § 4B1.2(a)(2) is void for vagueness, and/or that his aggravated battery conviction does not constitute a "crime of violence" as defined in U.S.S.G. § 4B1.2(a).  [Record No. 1-1, pp. 5–8]  While *Johnson* involves the career offender enhancement in 18 U.S.C. § 924(e)(B)(ii), Lane notes that the definition of a "crime of violence" in the career offender enhancement in U.S.S.G. § 4B1.2(a) is functionally identical to the definition of a "violent felony" under the Armed Career Criminal Act of 1984 ("ACCA").  *United States v. Ball*, 771 F. 3d 964, 969 (6th Cir. 2014) ("The language of the ACCA's residual clause is almost identical to language that defines a 'crime of violence' under the 'career offender' enhancement of the United States Sentencing Guidelines (U.S.S.G. §§ 4Bl.l, 4Bl.2), so we handle both provisions identically."), *certiorari granted*, judgment vacated, __ U.S. __, 135 S. Ct. 2933 (2015) (vacating judgment for reconsideration in light of *Johnson*).

The Supreme Court decided *Johnson* on June 26, 2015, shortly after Lane filed his petition in this matter. __ U.S. __, 135 S. Ct. 939 (2015).  The ACCA establishes substantially longer sentences for convicted felons who possess firearms in violation of 18 U.S.C. § 922(g) if they have already been convicted of three or more "violent felonies" or "serious drug offenses."  18 U.S.C. § 924(e)(1).  Similarly, the Sentencing Guidelines dramatically increase a defendant's Offense Level if the current offense is a "crime of violence" or a "controlled substance offense" and the defendant has already been convicted of committing two or more such offenses.  *See* U.S.S.G. § 4B1.1 (Nov. 1, 1991).

The ACCA provides that:

the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that –

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

Certain offenses qualify as valid predicates under subsection (e)(2)(B)(i) if they involve "the use, attempted use, or threatened use of physical force against the person of another."   Still others—such as burglary, arson, extortion, or the use of explosives—constitute "enumerated offenses" and qualify as "violent felonies" in subsection (e)(2)(B)(ii) by virtue of their explicit demarcation as such.  Finally, before *Johnson* was decided, other unidentified offenses may qualify as predicate offenses if they satisfied the ACCA's "residual" clause because they "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another."  *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

Noting that federal courts had reached disparate results in applying the residual clause, the Supreme Court in *Johnson* concluded that it was void for vagueness in violation of the Fifth Amendment because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."  135 S. Ct. at 2557.  In reaching this conclusion, the Court stated that its decision "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  *Id.* at 2563.

- 4 -

## II.

Lane claims that his sentence was enhanced under U.S.S.G. § 4B1.1, using the definition of a "crime of violence" found in U.S.S.G. § 4B1.2(a)(2)'s "residual clause," which he contends is now unconstitutionally vague under *Johnson*. [Record No. 1-1, pp. 5–8]  Ordinarily, a federal inmate must present a challenge to the legality of his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).   A habeas corpus petition under 28 U.S.C. § 2241 does not function as an additional or alternative remedy to the one available under § 2255.  *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).  Instead, § 2241 is designed for challenges to the manner in which the inmate's sentence is being carried out, such as challenges to sentence credit computation or parole eligibility determinations.  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

Under highly exceptional circumstances, the "savings clause" of 28 U.S.C. § 2255(e) will permit an inmate to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) is "inadequate or ineffective" to test the legality of his detention.  *Truss v. Davis*, 115 F. App'x 772, 773–74 (6th Cir. 2004).  This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he filed such a motion and was denied relief.  *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review . . .").

- 5 -

Instead, the inmate must assert a claim of "actual innocence" to satisfy the savings clause in 28 U.S.C. § 2255(e). Such a claim can only arise where, after the inmate's conviction becomes final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501–02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800–801 (7th Cir. 2002). Lane's claim, predicated upon his assertion that U.S.S.G. § 4B1.2(a)(2)'s "residual clause" is unconstitutionally vague, does not fall within the scope of claims cognizable under § 2241.

As an initial matter, Lane does not contend that he is actually innocent of the underlying conviction for conspiracy to traffic in illegal narcotics, but only that his sentence was excessive. The Sixth Circuit has repeatedly held that "claims of sentencing error may not serve as the basis for an actual innocence claim." *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony"); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes*, 473 F. App'x at 502.

Next, Lane relies on *Johnson*, an intervening Supreme Court decision that, while suggesting that Lane's sentence may be unconstitutional, does not indicate that his conduct is noncriminal under a proper reading of the statute. Because *Johnson* is not a "Supreme Court decision[] announcing new rules of statutory construction unavailable for attack under

- 6 -

section 2255," *Hayes*, 473 F. App'x at 501−02, it cannot serve as the basis for a habeas corpus petition under § 2241. *Cf. Bishop v. Cross*, No. 15-CV-854-DRH, 2015 WL 5121438, at *2−3 (S.D. Ill. Aug. 31, 2015) (holding that habeas petition seeking relief from § 4B1.1 enhancement in light of *Johnson* is only cognizable under § 2255, not § 2241); *Hollywood v. Rivera*, No. 2:15CV113 JM/BD, 2015 WL 5050253, at *2 (E.D. Ark. Aug. 4, 2015) (same).

Finally, resort to a habeas corpus petition under § 2241 is precluded if a motion under § 2255 provides a viable remedy, meaning § 2255 is not "inadequate and ineffective" to test the legality of the petitioner's detention. Here, because Lane's challenge is predicated upon the asserted unconstitutionality of the residual clause found in the Sentencing Guidelines, he might be able to pursue relief under *Johnson* by requesting permission from the United States Court of Appeals for the Seventh Circuit to file a second or successive motion for relief under § 2255. The Seventh Circuit may grant the request where the moving party requests relief under "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The request must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

*Johnson* was decided on June 26, 2015. Therefore, Lane has sufficient time to file such a request with the Seventh Circuit, and there is reason to believe that the Seventh

Circuit will grant it.  The Seventh Circuit holds that *Johnson* is retroactively applicable to cases on collateral review.  *Price v. United States*, 795 F. 3d 731 (7th Cir. 2015).[2]

Although the Seventh Circuit may grant Lane permission to file a successive § 2255 motion, the motion may not succeed.  In *Rivero*, the Eleventh Circuit noted that while the ACCA and the Sentencing Guidelines share essentially identical definitions of violent crimes, unlike with the ACCA, "[t]he Supreme Court has never held that the Sentencing Guidelines are subject to a vagueness challenge.  And four of our sister circuits have held that the Sentencing Guidelines -- whether mandatory or advisory -- cannot be unconstitutionally vague because they 'do not establish the illegality of any conduct' and are 'designed to assist and limit the discretion of the sentencing judge.'"  *Id.* at *4 (citing *United States v. Tichenor*, 683 F. 3d 358, 363−66, 365 n.3 (7th Cir. 2012); *United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996)).

Further, because it is unclear under which subsection of 720 Ill. Comp. Stat. 5/12-4(b)[3] Lane's aggravated battery falls, the Seventh Circuit could analyze Lane's prior conviction in different ways.  It could: (i) determine whether the battery is a "crime of violence" under § 4B1.2(a)(2)'s "residual clause;" or (ii) simply ask if the battery "has as an element the use, attempted use, or threatened use of physical force against the person of another" under § 4B1.2(a)(1)'s still-valid "use of force" clause.  *Compare Hill v. Werlinger*, 695 F. 3d 644, 649−50 (7th Cir. 2012) (concluding that Illinois aggravated battery conviction

---

2       *Compare In re: Rivero*, __ F. 3d __, 2015 WL 4747749, at *2 (11th Cir. Aug. 12, 2015) (rejecting *Price*, holding that "[a]lthough we agree that *Johnson* announced a new substantive rule of constitutional law, we reject the notion that the Supreme Court has held that the new rule should be applied retroactively on collateral review," as required by § 2255(h)(2)) (citing *In re: Anderson*, 396 F. 3d 1336, 1339 (11th Cir. 2005) ("When the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding.")).

3       Renumbered as 720 Ill. Comp. Stat. 5/12-3.05.

was a "crime of violence" under "use of force" prong) *with United States v. Johnson*, 365 F. App'x 3, 5 (7th Cir. 2010) (holding that Illinois aggravated battery conviction was not a "crime of violence" under residual clause); *see also United States v. Evans*, 576 F. 3d 766, 767 (7th Cir. 2009).

But the remedy under § 2255 does not become "inadequate and ineffective" merely because the movant's claim may not succeed. The question is merely whether the type of claim asserted falls within the scope of § 2255, and in Lane's case, it does. Because *Hayes* establishes that Lane's claim is not cognizable under § 2241, and because *Price* indicates that the Seventh Circuit permits Lane's challenge by successive motion under § 2255, the Court will deny Lane's petition. Accordingly, it is hereby

**ORDERED** as follows:

1.     Warden Sandra Butler is **SUBSTITUTED** for the "Warden of FCI-Manchester" as the respondent in this proceeding.

2.     Petitioner Randy J. Lane's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

3.     This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4.     The Court will enter an appropriate Judgment this date.

This 21st day of September, 2015.



Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**